# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**RICHARD L. LAWSON,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 2:18-cv-00345**

**RALPH TERRY, Acting Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2). Because this petition is an unauthorized second or successive petition, it must be dismissed.

## PROCEDURAL HISTORY OF PETITIONER'S CASE[1]

### A.  The petitioner's criminal convictions and direct appeal.

Following a jury trial in the Circuit Court of Kanawha County, the petitioner was convicted of one count of first degree murder without mercy (Count One), one count of arson (Count Two), five counts of forgery (Counts Three, Five, Seven, Nine, and Eleven),

---

[1] This summary of the procedural history of the petitioner's prior proceedings is derived from the instant section 2254 petition, the docket records of the petitioner's prior section 2254 petition filed in this court, *Lawson v. McBride*, No. 2:06-cv-00654 (S.D. W. Va.), and those of his state habeas corpus petitions in Case Nos. 98-MISC-537, 00-MISC-11, 02-MISC-29, and 06-MISC-320 filed in the Circuit Court of Kanawha County.

and five counts of uttering (Counts Four, Six, Eight, Ten, and Twelve). *State v. Lawson*, Case No. 96-F-79. By Order dated March 21, 1997, the petitioner was sentenced to life imprisonment without the possibility of parole on Count One, two to twenty years on Count Two, and one to ten years on each of the other counts of conviction. The Circuit Court ordered that the sentences on each count were to run consecutively.

On September 8, 1997, the petitioner, by counsel, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"). On January 18, 1998, the SCAWV refused the Petition for Appeal. *State v. Lawson*, No. 971909 (W. Va., Jan. 13, 1998).

### C.    The petitioner's prior habeas corpus proceedings.

On December 3, 1998, the petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County. *State ex rel. Lawson v. Painter*, Case No. 98-MISC-537. The Circuit Court summarily denied the petition on December 14, 1998. The petitioner filed a *pro se* Petition for Appeal from the denial of his Circuit Court habeas corpus petition on April 1, 1999, which was refused by the SCAWV on July 22, 1999.

On August 17, 1999, the petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this federal court. *Lawson v. Painter*, No. 2:99-cv-00703, ECF No. 2. On January 12, 2000, United States District Judge Charles H. Haden II dismissed the petition for failure to exhaust state court remedies. *Id.*, ECF Nos. 20, 21.

Thereafter, the petitioner filed a second *pro se* habeas corpus petition in the Circuit Court of Kanawha County on January 11, 2000. *Lawson v. West Virginia*, No. 00-MISC-11. The Circuit Court summarily denied that petition on January 20, 2000. The petitioner filed a *pro se* Petition for Appeal from the denial of his second state habeas petition on

May 17, 2000, which was refused by the SCAWV on October 20, 2000.

The petitioner filed another Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on or about January 23, 2002. *Lawson v. McBride*, No. 02-MISC-29. Ultimately, counsel was appointed to represent the petitioner, and an amended petition was filed, which was denied following an omnibus hearing, on February 13, 2006. The petitioner's Petition for Appeal from the denial of this petition was refused on July 7, 2006.

The petitioner filed yet another Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on August 4, 2006. *Lawson v. McBride*, No. 06-MISC-320. That petition was summarily denied by the Circuit Court on September 5, 2006. However, on November 22, 2006, the SCAWV granted the petitioner's Petition for Appeal and remanded the matter to the Circuit Court for a full evidentiary hearing in accordance with the ruling in *In re Renewed Investigation of State Police Crime Lab., Serology Div.*, 633 S.E.2d 762 (2006) ("*Zain III*"). Another omnibus hearing was held on October 14, 2015, and the Circuit Court denied the *Zain III* petition on May 23, 2016. That decision was affirmed by the SCAWV on May 22, 2017. *Lawson v. Ballard*, No. 16-0537 (W. Va., May 22, 2017).

The petitioner also filed another section 2254 petition in this court on August 23, 2006. *Lawson v. McBride*, No. 2:06-cv-00654, ECF No. 2. That petition was dismissed with prejudice for being untimely filed by United States District Judge Joseph R. Goodwin on April 12, 2007. *Id.*, ECF Nos. 15, 16. The petitioner did not appeal that judgment.

### D.     **The instant section 2254 petition.**

The petitioner filed the instant section 2254 petition on February 23, 2018. (ECF No. 2). However, because the petitioner previously filed an untimely section 2254

3

petition, he must obtain authorization from the United States Court of Appeals to file a second or successive section 2254 petition, which he has not done. Thus, as discussed below, this court must dismiss the instant petition as being an unauthorized second or successive petition.

## RELEVANT STATUTORY AUTHORITY AND CASE LAW

Title 28, United States Code, Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

## ANALYSIS

A prior section 2254 petition that was dismissed as untimely is a decision on the merits that renders any subsequent petition a second or successive petition. *See, e.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). A district court has jurisdiction to consider a second or successive section 2254 petition only after the petitioner "moves in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts.

Without such authorization, the district court lacks jurisdiction to hear the case. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") The Fourth Circuit has specified that the "initial determination of whether a claim satisfies" the standard for authorization of a second or successive petition "must be made by a court of appeals." *In re Williams*, 364 F.3d 235,

4

238 (4th Cir. 2004); *see also In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes previously filed a section 2254 [petition], he may only file a successive section 2254 [petition] if he receives authorization from this court under the standard established in section 2244(b)(3)(C).").

The petitioner herein previously filed a section 2254 petition in this court which was dismissed as untimely and he has failed to demonstrate that he obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive section 2254 habeas corpus petition. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the instant petition constitutes a unauthorized second or successive section 2254 petition which this court lacks jurisdiction to consider.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2).

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and

the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

September 18, 2018

Dwane L. Tinsley
United States Magistrate Judge