UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RICHARD L. LAWSON,

    Petitioner,

v.                             Civil Action No. 2:18-cv-00345

RALPH TERRY, Acting Warden,
Mount Olive Correctional
Complex

    Respondent.


MEMORANDUM OPINION AND ORDER

Pending is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On September 18, 2018, the magistrate judge entered his PF&R recommending that the petition be dismissed as an unauthorized second or successive petition. The court granted petitioner's request for additional time to file his objections, which were subsequently filed November 5, 2018.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The court construes the petitioner's objection as asserting five grounds.

First, the petitioner contends that the magistrate judge erred because Martinez v. Ryan "allows an excuse for any procedural default and prejudice from a violation of federal law." Objections, ECF # 13 at 4. In Martinez, the Supreme Court held that a federal habeas court can find cause to excuse a procedural default where:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013) (quoting Martinez v. Ryan, 566 U.S. 1, 9 (2012)). The magistrate judge, however, found that the petition must be dismissed as an unauthorized second or successive petition; whether petitioner's habeas claim

would be procedurally defaulted is irrelevant and <u>Martinez</u> does not apply.

The petitioner presents four additional grounds, each of which deal with the petitioner's previously filed § 2254 petition being untimely. Petitioner contends: (1) he "was tried around the time the AEDPA law came into affect [sic] and many lawyers, as well as pro se litigants did not know to protect this time"; (2) "Cases are multiple in other jurisdictions that the § 2254 Federal Habeas has been reviewed on its merits although filed out-of-time"; (3) "Petitioner was in Court by filing letters to obtain counsel during some of the lapses and counsel had the files during other lapses"; and (4) "Petitioner was in the Federal Court but was remanded back to the Circuit Court due to unexhausted grounds." Each of these grounds contest the district court's prior dismissal of the petitioner's August 23, 2006 habeas petition, <u>see</u> <u>Lawson v. McBride</u>, No. 2:06-cv-00654, and are irrelevant to the instant petition, which the magistrate judge correctly dismissed for being an unauthorized second or successive petition.

The court, accordingly, ORDERS as follows:

1. That the petitioner's objections to the PF&R be, and they hereby are, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full.

3. That this civil action be dismissed and stricken from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: February 15, 2019

John T. Copenhaver, Jr.
Senior United States District Judge